IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 16-cv-01861-MSK

STEVEN DOUGLAS McCARY,

   Applicant,

v.

WARDEN SEAN FOSTER, and
CYNTHIA COFFMAN, Attorney General of the State of Colorado,

   Respondents.

---

**ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS**

---

This matter is before the Court on the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 20) (the "Amended Application") filed *pro se* on December 15, 2016, by Applicant, Steven Douglas McCary. Mr. McCary is challenging the validity of his convictions and sentences in two Boulder County, Colorado, District Court cases. The relevant state court case numbers are 06CR997 and 06CR1641. After reviewing the entire record in this action, the Court FINDS and CONCLUDES that the Amended Application should be denied and the case dismissed with prejudice.

## I. BACKGROUND

Mr. McCary was convicted by a jury in case number 06CR997 on one count of first degree criminal trespass and one count of menacing.

> The charges against defendant arose from an incident in which he entered his former wife's home, argued with her, and refused to leave. Defendant admitted he pinned the victim down while he punched the floor next to her head. Following the altercation, defendant called the police and reported finding drugs in

>the home; the victim, however, maintained that the report was
>fabricated.

(ECF No. 35-1 at 2.) Mr. McCary also agreed to plead guilty to habitual criminal charges in exchange for dismissal of a second degree burglary count if he was found guilty of criminal trespass. He was sentenced in case number 06CR997 to twelve years in prison. The judgment of conviction and the sentence were affirmed on direct appeal. (*See* ECF No. 35-1.)

Mr. McCary was convicted by a jury in case number 06CR1641 of first degree criminal trespass and violation of bail bond conditions. The charges in this case stemmed from an incident when Mr. McCary "was allegedly observed by a neighbor inside his ex-wife's house while the ex-wife was away, despite the existence of both a protective order and a bail bond condition prohibiting him from entering her house." (ECF No. 35-2 at 2.) Mr. McCary was sentenced in case number 06CR1641 to concurrent terms of twelve years in prison on the trespass count and six years in prison on the violation of bail bond conditions count. The trial court ordered the six-year sentence to be served consecutively to Mr. McCary's sentence in case number 06CR997 and later amended the mittimus to clarify that the twelve-year sentence also was consecutive to Mr. McCary's sentence in case number 06CR997. The judgment of conviction and the sentences were affirmed on direct appeal. (*See* ECF No. 35-2.) In postconviction proceedings, the Colorado Court of Appeals agreed with Mr. McCary that the trial court violated the prohibition against double jeopardy by amending the mittimus to run the sentence for trespass consecutively to his sentence in case number 06CR997. (*See* ECF No. 35-4.) As a result, the Colorado Court of Appeals ordered that the mittimus in case number 06CR1641 be corrected to reflect that Mr. McCary's sentence for trespass run concurrently with his sentence in case number 06CR997. (*See id.*) Mr. McCary's six-year sentence for violating bail bond conditions in case number

06CR1641 remains consecutive to his sentence in case number 06CR997. (*See id.*)

Mr. McCary asserts six claims in the Amended Application. He contends in the first three claims that his rights under the Fifth and Fourteenth Amendments were violated by: imposition of consecutive habitual criminal sentences contrary to state and federal statutes (claim one); imposition of an habitual criminal sentence that exceeds "the allowable sentencing range for a class (6) felony" (ECF No. 20 at 6) under Colorado law (claim two); and reduction of the amount of presentence confinement time awarded in case number 06CR1641 (claim three). Mr. McCary contends in claim four that counsel Richard Irvin was ineffective by failing to "present the favorable evidence of perjured testimony by the alleged victim that proved the applicant's innocence." (ECF No. 20 at 7.) He similarly contends in claim five that counsel Gregg Friedman was ineffective by failing to "present the favorable evidence of perjured testimony by the alleged victim that proved the applicant's innocence." (ECF No. 20 at 7.) Mr. McCary finally contends in claim six that the prosecution failed to disclose favorable evidence in violation of his Fourteenth Amendment rights.

On April 18, 2017, the Court entered an Order to Dismiss in Part (ECF No. 47) dismissing claims one, two, and three as unexhausted and procedurally barred. Therefore, only claims four, five, and six remain to be considered on the merits. Also on April 18, 2017, the Court ordered Respondents to file an answer that fully addresses the merits of the remaining claims along with the complete record of the state court proceedings. On May 22, 2017, the Court ordered Respondents to show cause why the Amended Application should not be granted because Respondents failed to file either an answer or the state court record within the time allowed. On May 26, 2017, Respondents filed a Response to Order to Show Cause (ECF No. 50) that addresses

the merits of Mr. McCary's remaining claims. On June 1, 2017, Respondents submitted a portion of the state court record. (*See* ECF No. 53.) On August 8, 2017, Mr. McCary filed a motion (ECF No. 68) seeking leave to file a reply out of time and he tendered to the Court a proposed Reply (ECF No. 68-1). That motion will be granted and the Court will consider the arguments in the Reply. On August 29, 2017, Respondents submitted the remaining portions of the state court record. (*See* ECF No. 72.)

Mr. McCary also has filed a Motion for Relief from a Judgment or Order (ECF No. 59) asking the Court to reconsider an Order (ECF No. 54) that denied his Request for Production of Documents Pursuant to the Provisions of Fed. Rules Civ. Proc. Rule 26 and Rule 34 (ECF No. 49). The Motion for Relief from a Judgment or Order will be denied because the Court remains convinced that Mr. McCary fails to demonstrate good cause for the requested discovery. Mr. McCary's motion titled Applicant's Request to Review the Entire State Court Record (ECF No. 73) also will be denied.

## II. STANDARDS OF REVIEW

The Court must construe the Amended Application and other papers filed by Mr. McCary liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Mr. McCary bears the burden of proof under § 2254(d). *See Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam).

The Court reviews claims of legal error and mixed questions of law and fact pursuant to 28 U.S.C. § 2254(d)(1). *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003). The threshold question the Court must answer under § 2254(d)(1) is whether Mr. McCary seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final. *See Williams v. Taylor*, 529 U.S. 362, 390 (2000). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Id*. at 412. Furthermore,

> clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008). If there is no clearly established federal law, that is the end of the Court's inquiry under § 2254(d)(1). *See id*. at 1018.

If a clearly established rule of federal law is implicated, the Court must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law. *See Williams*, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable

5

> from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Maynard* [*v. Boone*], 468 F.3d [665,] 669 [(10th Cir. 2006)] (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" *Williams*, 529 U.S. at 405 (citation omitted).
>
> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts. *Id.* at 407‑08.

*House*, 527 F.3d at 1018.

The Court's inquiry pursuant to the "unreasonable application" clause is an objective inquiry. *See Williams*, 529 U.S. at 409-10. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id.* at 411. "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard*, 468 F.3d at 671. Furthermore,

> [E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations. [I]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court.

*Harrington v. Richter*, 562 U.S 86, 101 (2011) (internal quotation marks and citation omitted). In conducting this analysis, the Court "must determine what arguments or theories supported or . . . could have supported[] the state court's decision" and then "ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior

6

decision of [the Supreme] Court." *Id*. at 102. In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Under this standard, "only the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Maynard*, 468 F.3d at 671; *see also Richter*, 562 U.S. at 102 (stating "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable").

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Richter*, 562 U.S. at 103.

The Court reviews claims of factual errors pursuant to 28 U.S.C. § 2254(d)(2). *See Romano v. Gibson*, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002). Section 2254(d)(2) allows the Court to grant a writ of habeas corpus only if the relevant state court decision was based on an unreasonable determination of the facts in light of the evidence presented to the state court. Pursuant to § 2254(e)(1), the Court must presume that the state court's factual determinations are correct and Mr. McCary bears the burden of rebutting the presumption by clear and convincing evidence. "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.'" *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

If a claim was not adjudicated on the merits in state court, and if the claim also is not procedurally barred, the Court must review the claim *de novo* and the deferential standards of §

2254(d) do not apply. *See Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004).

Finally, the Court's analysis is not complete "[e]ven if the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law." *Bland v. Sirmons*, 459 F.3d 999, 1009 (10th Cir. 2006). "Unless the error is a structural defect in the trial that defies harmless-error analysis, [the Court] must apply the harmless error standard of *Brecht v. Abrahamson*, 507 U.S. 619 (1993) . . . ." *Id.*; *see also Fry v. Pliler*, 551 U.S. 112, 121-22 (2007) (providing that a federal court must conduct harmless error analysis under *Brecht* anytime it finds constitutional error in a state court proceeding regardless of whether the state court found error or conducted harmless error review). Under *Brecht*, a constitutional error does not warrant habeas relief unless the Court concludes it "had substantial and injurious effect" on the jury's verdict. *Brecht*, 507 U.S. at 637. "A 'substantial and injurious effect' exists when the court finds itself in 'grave doubt' about the effect of the error on the jury's verdict." *Bland*, 459 F.3d at 1009 (citing *O'Neal v. McAninch*, 513 U.S. 432, 435 (1995)). "Grave doubt" exists when "the matter is so evenly balanced that [the Court is] in virtual equipoise as to the harmlessness of the error." *O'Neal*, 513 U.S. at 435. The Court makes this harmless error determination based upon a review of the entire state court record. *See Herrera v. Lemaster*, 225 F.3d 1176, 1179 (10th Cir. 2000).

### III. MERITS OF APPLICANT'S REMAINING CLAIMS

**Claim Four**

Mr. McCary contends in claim four that counsel Richard Irvin was ineffective by failing to "present the favorable evidence of perjured testimony by the alleged victim that proved the applicant's innocence." (ECF No. 20 at 7.) Mr. Irvin represented McCary in pretrial proceedings in both cases and at trial in case number 06CR997. Mr. McCary does not identify in

8

the Amended Application the specific perjured testimony that allegedly proves his innocence. In the Reply he argues in support of claim four that:

> (1) counsel deliberately failed to present the evidence that the alleged victim had previously threatened McCary and had carried through with those threats by providing perjured testimony which had been previously characterized by a sitting judge to be "false" and "wildly inaccurate" yet was accepted as the truth at trial, (2) counsel deliberately failed to present the tape recording and transcripts as evidence of prior threats made against McCary, (3) counsel deliberately failed to challenge or impeach the alleged victim's testimony which had previously been characterized as "false" and "wildly inaccurate" by the Boulder County District Court, yet was accepted as the truth during McCary's trial, and (4) counsel deliberately failed to present the "choice of evils" affirmative defense as outlined in Colo. Rev. Stat. § 18-1-702.

(ECF No. 68-1 at 4.) To the extent Mr. McCary may have included additional factual allegations or argument in support of claim four in a prior pleading that are not reasserted in the Amended Application and the Reply, the arguments are waived and will not be considered.

It was clearly established when Mr. McCary was convicted that a defendant has a Sixth Amendment right to the effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984). Ineffective assistance of counsel claims are mixed questions of law and fact. *See id*. at 698.

To establish counsel was ineffective Mr. McCary must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance resulted in prejudice to his defense. *See id*. at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. There is "a strong presumption" that counsel's performance falls within the range of "reasonable professional assistance." *Id*. It is Mr. McCary's burden to overcome this presumption by showing that the alleged errors were not

sound strategy under the circumstances. *See id*. "For counsel's performance to be constitutionally ineffective, it must have been completely unreasonable, not merely wrong." *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999).

Under the prejudice prong Mr. McCary must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*; *see also Richter*, 562 U.S. at 112 (stating that "[t]he likelihood of a different result must be substantial, not just conceivable."). In determining whether Mr. McCary has established prejudice, the Court must look at the totality of the evidence and not just the evidence that is helpful to Mr. McCary. *See Boyd*, 179 F.3d at 914.

If Mr. McCary fails to satisfy either prong of the *Strickland* test, the ineffective assistance of counsel claim must be dismissed. *See Strickland*, 466 U.S. at 697. Furthermore, conclusory allegations that counsel was ineffective are not sufficient to warrant habeas relief. *See Humphreys v. Gibson*, 261 F.3d 1016, 1022 n.2 (10th Cir. 2001). Finally, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

The Colorado Court of Appeals applied *Strickland* and rejected the ineffective assistance of counsel claims Mr. McCary raised on appeal from the denial of his postconviction Rule 35(c) motion in case number 06CR997. With respect to Mr. McCary's allegations regarding Mr. Irvin's alleged failure to investigate and adequately present a defense based on witnesses, evidence, and phone records, the Colorado Court of Appeals concluded Mr. McCary failed to demonstrate he suffered any prejudice because the allegations in support of the claims were vague

and conclusory. (*See* ECF No. 35-3 at 7-11.)

Mr. McCary does not argue that the state court's decision with respect to claim four was based on an unreasonable determination of the facts in light of the evidence presented under § 2254(d)(2).

Mr. McCary also fails to demonstrate the state court's decision with respect to claim four in the Amended Application is contrary to *Strickland* under § 2254(d)(1). In other words, he does not cite any contradictory governing law set forth in Supreme Court cases or any materially indistinguishable Supreme Court decision that would compel a different result. *See House*, 527 F.3d at 1018.

Finally, Mr. McCary also fails to demonstrate the state court's decision rejecting claim four is an unreasonable application of *Strickland* under § 2254(d)(1). According to Mr. McCary he suffered prejudice under *Strickland* because:

> Counsel's failure to challenge the prosecution's recitation of the facts of the case and to impeach the alleged victim's perjured testimony resulted in the jurors being presented with a decidedly one-sided presentation of the facts of the case, leaving the jurors with an incomplete knowledge of the facts of the case and an extremely unfavorable opinion of McCary. Both were determining factors in McCary's subsequent convictions. As a direct result, McCary suffered prejudice from counsel's constitutionally deficient performance, which certainly justifies the issuance of the federal writ as there is a reasonable probability that, but for counsel's unprofessional errors, that result of the trial would have been different.

(ECF No. 68-1 at 4-5.)

The Court is not persuaded by this prejudice argument because it is not clear how the alleged failure to impeach the victim would have undermined Mr. Cary's own trial testimony admitting he went into his ex-wife's home, pinned her down on the floor, and punched the floor

11

next to her face while pinning her down. Thus, Mr. McCary fails to demonstrate a substantial likelihood of a different result on the charges of trespassing and menacing. *See Richter*, 562 U.S. at 112 (to establish prejudice under *Strickland*, "[t]he likelihood of a different result must be substantial, not just conceivable."); *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011) ("mere speculation is not sufficient" to demonstrate prejudice under *Strickland*). More importantly, however, Mr. McCary did not raise this prejudice argument on appeal to the Colorado Court of Appeals and the Court owes deference to the state court's resolution of the claims and arguments Mr. McCary actually raised.

The Court's review of Mr. McCary's opening brief on appeal to the Colorado Court of Appeals from the denial of his postconviction Rule 35(c) motion pertaining to case number 06CR997 confirms that Mr. McCary's arguments in support of his ineffective assistance of trial counsel claims were vague and conclusory. Under these circumstances, it was not unreasonable for the state court to conclude that Mr. McCary failed to demonstrate prejudice under *Strickland*. *See Humphreys*, 261 F.3d at 1022 n.2 (conclusory allegations that counsel was ineffective are not sufficient to warrant habeas relief); *see also Snow v. Sirmons*, 474 F.3d 693, 724-25 (10th Cir. 2007) (rejecting ineffective assistance of counsel claim because petitioner failed to indicate "why counsel's failure to object to the evidence as deficient and how such alleged failure prejudiced him"). Ultimately, the Court finds that Mr. McCary is not entitled to relief under § 2254(d)(1) with respect to claim four because he fails to demonstrate the state court ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

**Claim Five**

Mr. McCary contends in claim five that counsel Gregg Friedman also was ineffective by failing to "present the favorable evidence of perjured testimony by the alleged victim that proved the applicant's innocence." (ECF No. 20 at 7.) Mr. Friedman represented Mr. McCary at trial in case number 06CR1641. Mr. McCary argues in the Reply with respect to claim five that

> the material evidence which he sought to have presented was the "fact" that the alleged victim's testimony, given at trial, was almost word-for-word to the testimony previously given during domestic relations proceedings conducted in the Boulder County District Court and that this testimony had previously been determined to be "false" and "wildly inaccurate" by the judge in those proceedings.

(ECF No. 68-1 at 6.)

Respondents argued in the Pre-Answer Response that claim five is unexhausted and procedurally defaulted and the Court previously determined claim five was not fairly presented to the Colorado Court of Appeals in the relevant postconviction appeal. Mr. McCary argued in his reply to the Pre-Answer Response that he could demonstrate good cause for his procedural default of claim five based on *Martinez v. Ryan*, 566 U.S. 1 (2012). Because Respondents did not have an opportunity to address Mr. McCary's *Martinez v. Ryan* argument, the Court deferred consideration of whether claim five is procedurally barred.

In *Martinez*, the Supreme Court held that if a claim of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding under state law, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective. *Id.* at 16-17. The Supreme Court subsequently extended the rule in *Martinez* to circumstances in which state law does not require claims of ineffective assistance of trial counsel to be brought in collateral proceedings but "make[s] it virtually impossible for an ineffective

assistance claim to be presented on direct review." *Trevino v. Thaler*, 133 S. Ct. 1911, 1915 (2013).

To meet the narrow exception announced in *Martinez* Mr. McCary must establish four elements concerning his defaulted ineffective assistance of trial counsel claim: (1) the claim is substantial; (2) the state postconviction counsel was ineffective or there was no postconviction counsel; (3) the state postconviction proceeding must have been the initial review proceeding in respect to the ineffective assistance of trial counsel claims; and (4) the claims were required under state procedural law to be raised in the state postconviction proceeding or the state's procedural framework makes it highly unlikely that the claim could be raised on direct appeal. *See Trevino*, 133 S. Ct. at 1918. With respect to the fourth element, the Tenth Circuit has held that *Martinez* applies to Colorado cases based on Colorado's "expressed preference" for defendants to raise ineffective assistance of trial counsel claims in collateral review proceedings. *Linzy v. Faulk*, 602 F. App'x 701, 702 (10th Cir. 2015).

Respondents argue that Mr. McCary cannot overcome his procedural default of claim five because the claim is not substantial. In order to satisfy the "substantial" requirement Mr. McCary must demonstrate that the ineffective assistance of trial counsel claim has "some merit." *Martinez*, 566 U.S. at 16.

The Court agrees with Respondents that claim five in the Amended Application is not a substantial ineffective assistance of counsel claim. In particular, Mr. McCary cannot demonstrate counsel performed deficiently by failing to present impeachment evidence pertaining to Mr. McCary's ex-wife or that he suffered any prejudice because the ex-wife did not testify at Mr. McCary's trial in case number 06CR1641. Instead, Mr. McCary was convicted in case number

06CR1641 based on testimony from a neighbor who observed Mr. McCary in his ex-wife's home while his ex-wife was not there. (*See* ECF No. 35-2 at 2.) Because the evidence Mr. McCary believes was impeaching was not relevant to the neighbor's testimony, Mr. McCary is not entitled to relief with respect to claim five.

**Claim Six**

Mr. McCary finally contends in claim six that the prosecution failed to disclose favorable evidence in violation *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and the Fourteenth Amendment. According to Mr. McCary the prosecution "did not disclose favorable evidence of the alleged victim's arrest record or perjured testimony in another courtroom" as well as the alleged victim's "drug and alcohol use." (ECF No. 20 at 7.) Mr. McCary does not identify in the Amended Application which judgment of conviction he is challenging in claim six. However, the *Brady* claim was raised and exhausted in state court only on direct appeal of the judgment of conviction in case number 06CR997. (*See* ECF No. 35-12 at 10-11.) Mr. McCary did not raise a *Brady* claim on direct appeal from the judgment of conviction in case number 06CR1641. (*See* ECF No. 35-19.) Therefore, the Court construes claim six only as challenging the judgment of conviction in case number 06CR997.

Suppression "of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment." *Brady*, 373 U.S. at 87. "There are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). "Prejudice satisfying the third element exists

15

'when the suppressed evidence is material for *Brady* purposes.'" *Douglas v. Workman*, 560 F.3d 1156, 1173 (10th Cir. 2009) (per curiam) (quoting *Banks v. Dretke*, 540 U.S. 668, 691 (2004)). Generally, evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Kyles v. Whitley*, 514 U.S. 419, 433 (1995) (quotation marks omitted). A reasonable probability of a different result exists "when the government's evidentiary suppression undermines confidence in the outcome of the trial." *Id.* at 434 (quotation marks omitted). The Court must evaluate whether undisclosed evidence is material in the context of the entire record. *See United States v. Agurs*, 427 U.S. 97, 112 (1976).

The Colorado Court of Appeals reasoned as follows in rejecting Mr. McCary's *Brady* claim:

> McCary alleges that the prosecutor failed to reveal exculpatory evidence to the defense regarding McCary's ex-wife's drug and alcohol abuse. In his brief, McCary states that there were twenty-nine social services reports and forty-three investigative reports from the Longmont police station that "concerned" his ex-wife and were not given to him by the prosecution. McCary further contends that the prosecutor not only knew of his ex-wife's drug abuse, but allowed her to perjure herself during McCary's trial.
>
> The Due Process Clause of the Fourteenth Amendment mandates that the prosecution disclose to criminal defendants favorable evidence that is material to either guilt or punishment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Rodriguez*, 914 P.2d at 270. Failure to disclose information helpful to the accused results in a violation of due process only where the evidence is material to either guilt or punishment. The defendant must show a reasonable probability that the result of the proceeding would have been different if the evidence had been disclosed to the defense. "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *People v. Dist. Court*, 808 P.2d 831, 834 (Colo. 1991) (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)); *see also People v. Dist. Court*, 790 P.2d 332, 337

(Colo. 1990).

> Here, it is apparent that McCary was already aware of his ex-wife's drug abuse at the time of the trial because his "choice of evils" defense was based on McCary's belief that his children were in danger due to his ex-wife's abuse of drugs. *See United States v. Wooten*, 377 F.3d 1134, 1142 (10th Cir. 2004) (evidence is not suppressed within the meaning of *Brady* if it is known and available to the defense prior to trial).
>
> To the extent McCary implies that social services reports or police investigation reports would have corroborated her drug use, it is not clear how these would have been admissible or would have affected the result of trial. *See Jarrett v. United States*, 822 F.2d 1438, 1446 (7th Cir. 1987) ("A witness's use of drugs may not be used to attack his or her general credibility, but only his or her ability to perceive the underlying events and testify lucidly at the trial.")
>
> *Brady's* materiality standard defines evidence as "material" only if there is a reasonable probability that its disclosure would have affected the outcome of the proceeding. *Bagley*, 473 U.S. at 682. Thus, the trial court properly rejected McCary's *Brady* claim. *See United States v. Bentley-Smith*, 2 F.3d 1368, 1379 (5th Cir. 1993) (finding that the Government's failure to disclose a witness's admission that he had used cocaine about nine days before the trial was not a material *Brady* violation because evidence of the drug use would not have been admissible).

(ECF No. 35-3 at 15-17.)

Mr. McCary fails to demonstrate the state court's decision with respect to the *Brady* claim was based on an unreasonable determination of the facts in light of the evidence presented under § 2254(d)(2). He has not met his burden of presenting clear and convincing evidence to overcome the presumption under § 2254(e)(1) that the state court's factual determinations are correct. Thus, the Court presumes the state court's factual determination that Mr. McCary was aware of his ex-wife's alleged drug and alcohol abuse at the time of his trial is correct.

With respect to § 2254(d)(1), Mr. McCary does not cite any contradictory governing law

set forth in Supreme Court cases or any materially indistinguishable Supreme Court decision that would compel a different result with respect to the *Brady* claim. Therefore, he fails to demonstrate the state court's rejection of the *Brady* claim is contrary to clearly established federal law. *See House*, 527 F.3d at 1018.

Mr. McCary also fails to demonstrate the state court's rejection of his *Brady* claim is an unreasonable application of clearly established federal law. First, the Court agrees with the state court that Mr. McCary's knowledge at the time of trial of his ex-wife's alleged drug and alcohol abuse means that evidence was not suppressed. Furthermore, as discussed above in the context of claim four, Mr. McCary admitted at trial that he entered his ex-wife's home and punched the floor next to her face while pinning her down. In light of Mr. McCary's testimony it was not unreasonable to conclude that the evidence allegedly suppressed, which pertained to the victim's arrest record, perjured testimony in another courtroom, and drug and alcohol use, was not material under *Brady*. In other words, it was not unreasonable to conclude that Mr. McCary failed to demonstrate a reasonable probability of a different result if the evidence allegedly suppressed had been disclosed. *See Kyles*, 514 U.S. at 433. Therefore, Mr. McCary also is not entitled to relief with respect to claim six.

## V. CONCLUSION

In summary, the Court finds that Mr. McCary is not entitled to relief on his remaining claims because he fails to demonstrate the state court rulings were "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103. Accordingly, it is

**ORDERED** that the motion (ECF No. 68) seeking leave to file a reply out of time is

GRANTED.  It is further

**ORDERED** that the clerk of the Court file the tendered Reply (ECF No. 68-1).  It is further

**ORDERED** that the Motion for Relief from a Judgment or Order (ECF No. 59) and the motion titled Applicant's Request to Review the Entire State Court Record (ECF No. 73) are denied.  It is further

**ORDERED** that the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 20) is denied and this case is dismissed with prejudice.  It is further

**ORDERED** that there is no basis on which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

Dated this 17th day of October, 2017.

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
Chief United States District Judge